UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIDIA M. DUARTE,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL et al.,<br><br>    Defendants. | Case No. 20-cv-00151-JCS<br><br>**ORDER REGARDING MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Re: Dkt. No. 42 |

## I.    INTRODUCTION

Plaintiff Elidia M. Duarte brings this action against Defendant Andrew Saul, Commissioner of Social Security (the "Commissioner"), as well as thirty agents and employees of the Social Security Administration identified only as Does 1–50. Duarte asserts statutory and constitutional claims based on allegations of procedural and substantive errors in the Commissioner's handling of disputes regarding Duarte's entitlement to disability benefits. The Court previously granted a motion to dismiss Duarte's original complaint with leave to amend. Duarte filed an amended complaint, and the Commissioner moves once again to dismiss Duarte's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A hearing was held on April 9, 2021 at 9:30 a.m. After that hearing, the Court granted Duarte's attorneys' uncontested motion to withdraw as counsel on the basis that they had been retained only for a limited-scope representation. For the reasons discussed below, the Commissioner's motion is GRANTED, and the case is DISMISSED without leave to amend.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Previous Order

The Court previously dismissed Duarte's claims with leave to amend. Order Re Mot. to Dismiss (dkt. 37) at 1. The Commissioner argued that the Court lacked subject matter jurisdiction because Duarte failed to exhaust her administrative remedies, that some of Duarte's claims were moot because the Commissioner had complied with her requests, and that Duarte failed to state a claim upon which relief could be granted. *Id.* The Court found that Duarte's opposition (which was prepared by counsel) was only "loosely connected to her complaint" (which had been filed pro se) and did "not assist the Court in evaluating whether to dismiss each of the claims raised in the complaint." *Id.* The Court concluded the complaint had been superseded by subsequent events and did "not sufficiently put the Commissioner on notice of the claims Duarte now intend[ed] to pursue." *Id.* at 2.

### B. Factual Background

Duarte is 83 years old and suffers from the following medical diagnoses: "cancer (in remission), hypothyroidism, hypertension, epilepsy, extensive spinal surgery, shoulder surgery, osteoporosis, post-traumatic stress disorder, and a 5/28/20 recent knee fracture due to a fall." Am. Compl. (dkt. 40) ¶ 1.

In 1994, Duarte "began receiving Social Security Act Title II Survivor benefits based on her deceased husband's record." Mosley Decl. (dkt. 42-1) ¶ 3.[2] Duarte continues to receive these benefits. *Id.* In July 2001, Duarte "protectively filed for Social Security Act Title XVI Supplemental Security Income (SSI) benefits." *Id.* ¶ 4. The Social Security Administration granted her application and found Duarte was eligible for monthly payments beginning August 2000. *Id.*

In May 2001, the Social Security Administration found Duarte was "over the allowable resource limits for August and September 2000," and that she was only eligible for benefits

---

[2] This order includes procedural history as stated in declarations submitted by the Commissioner only for context. Except for the fact that a decision was recently issued by an ALJ—which Duarte acknowledges in her opposition brief—the Court does not rely on those declarations in dismissing Duarte's complaint, and need not reach Duarte's evidentiary objections.

beginning October 2000.  *Id.*  Duarte alleges she appealed the determination in October 2001 by submitting a Request for Reconsideration and disputed that she was over the allowable resource limit.  Am. Compl. ¶ 16.  In December 2001, the Social Security Administration found Duarte was over the allowable resource limit in August and September 2000 and therefore had been overpaid benefits for those months.  Mosley Decl. ¶ 4.

In September 2012, the Social Security Administration found Duarte was over the allowable resource limits in June and September 2012, and therefore was overpaid SSI benefits for those months.  *Id.* ¶ 6.  In September 2012, Duarte filed a Request for Reconsideration disputing that she had excess resources in those months.  *Id.*  She also submitted a request to the Modesto Social Security Office for twelve items of record in her 2001 appeal.  Am. Compl. ¶ 19.  Duarte alleges the Modesto Social Security Office never produced the records.  *Id.* ¶ 21.  Several years later, on February 18, 2018, the Social Security Administration provided Duarte with records of payments between 2001 and 2016.  Mosley Decl. ¶ 9 & Ex. A.

In October 2012, Duarte filed a Request for Reconsideration of the overpayment.  Am. Compl. ¶ 19.  In November 2012, the Social Security Administration issued a partially favorable decision and found that Duarte had been overpaid only in June 2012.  Mosley Decl. ¶ 6.  Duarte did not appeal the determination, *id.*, and paid the full amount of the overpayment on October 25, 2012, Am. Compl. ¶ 24.

Duarte continued to receive monthly SSI benefits until October 2015 when she reported a tort judgment to the Social Security Administration and requested cessation of her benefits starting in November 2015.  *Id.* ¶ 31; Mosley Decl. ¶ 7.  The Social Security Administration determined that, as a result of the settlements, Duarte had excess income beginning October 2015 and therefore was ineligible for payments.  Mosley Decl. ¶ 7.  The Social Security Administration assessed $302.80 for overpayments in October and November 2015.  *Id.*  Duarte alleges she filed an appeal at the Berkeley Social Security Office on December 4, 2015 and an amended appeal on December 7, 2015.  Am. Compl. ¶ 37, 39.

On March 1, 2021, an Administrative Law Judge ("ALJ") issued a decision on the Social Security Administration's 2015 determination of overpayments.  Opp'n at 6; Anderson Decl.

(dkt. 42-2) ¶ 11.  On March 12, 2021, Duarte appealed the ALJ's decision to the Appeals Council.  Opp'n at 6.

The Social Security Administration claims to have "waived or reversed any overpayments assessed against [Duarte] with the exception of overpayments assessed for August 2000, September 2000, and June 2012," including overpayments for October and November 2015.  Mosley Decl. ¶ 8.  In March 2017, the Social Security Administration refunded Duarte $302.80.  *Id.*  Duarte alleges that the Social Security Administration owes her Social Security benefits accrued but unpaid between 2001 and 2016.  Am. Compl. ¶ 26.

Duarte's amended complaint asserts the following claims: (1) a claim based on an alleged violation of Duarte's right to petition and instruct and association under the First Amendment of the United States Constitution, *id.* ¶¶ 116–25; (2) a claim based on an alleged violation of Duarte's right to substantive and procedural due process under the Fifth Amendment of the United States Constitution, *id.* ¶¶ 126–42; (3) a claim based on allegations of wrongful withholding of agency records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, *id.* ¶¶ 143–59; (4) a claim under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701–06, *id.* ¶¶ 160–75; and (5) a claim seeking a writ of mandamus under the Mandamus Act, 28 U.S.C. §§ 1361, and the All Writs Act, 28 U.S.C. § 1651, *id.* ¶¶ 176–234.

### C.    Parties' Arguments

#### 1.    The Commissioner's Motion

The Commissioner contends that Duarte's claims should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction over her claims.  The Commissioner argues that Duarte's amended complaint stems from a dispute over her Social Security Survivor and Supplemental Security Income benefits, which are governed by the Social Security Act and require a claimant to first exhaust her administrative remedies before seeking judicial review.  Mot. (dkt. 42) at 6 (citing 42 U.S.C. § 405(g)).  The Commissioner concedes that courts may waive exhaustion if Duarte "asserts a Constitutional claim that is collateral to her claim for benefits, is colorable, and is one whose resolution would not serve the purposes of exhaustion (futility)," but argues Duarte has failed to meet that criteria.  *Id.* at 10 (citing *Hoye v. Sullivan*, 985

4

F.2d 2d 990, 991 (9th Cir. 1992)).

The Commissioner argues Duarte's FOIA and Privacy Act claims are moot and that she has failed to exhaust her administrative remedies. *Id.* As to Duarte's APA claim, the Commissioner argues that statute "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency actions." *Id.* at 14 (citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977)). As to Duarte's claim for relief under the Mandamus Act, the Commissioner argues that Duarte has failed to state a claim for "the extraordinary remedy of mandamus" and that the Court lacks jurisdiction under the Mandamus Act. *Id.* at 15

The Commissioner argues that Duarte is not entitled to injunctive relief because she has failed to satisfy the elements required to establish an entitlement to such relief and because she has failed to allege a jurisdictional basis for her claims. *Id.* at 17 (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). As to declaratory relief, the Commissioner argues that Duarte has failed to allege a jurisdictional basis for any of her claims and therefore lacks a "valid, standalone claim upon which declaratory relief can be granted." *Id.* at 18 (citing Fed. R. Civ. P. 12(b)(6)).

### 2. Duarte's Opposition

First, Duarte asks the Court to convert the Commissioner's motion to dismiss into a motion for summary judgment because the Commissioner included declarations and exhibits in the motion. Opp'n (dkt. 46) at 7.[3]

---

[3] In support of her opposition, Duarte asks the Court to take judicial notice of thirteen exhibits: archived public data files on the Social Security Administration's website, certain provisions of the Social Security Administration's Program Operations Manual System ("POMS"), two Social Security Rulings ("SSRs"), and the death certificates of Quirino and Rodrigo Miranda. *See* Request for Judicial Notice ("RJN," dkt. 49). The Commissioner did not oppose the RJN. *See* Opp'n.

A court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court therefore grants Duarte's request for judicial notice, although it does not affect the outcome of the motion to dismiss. *See Wesco Ins. Co. v. Smart Indus. Corp.*, 469 F. Supp. 3d 1003, 1009 (D. Nev. 2020) (taking judicial notice of a death certificate); *People with Disabilities Found. v. Colvin*, No. 15-cv-02570-HSG, 2016 WL 2984898, at *3 (N.D. Cal. May 24, 2016) (taking judicial notice of the POMS); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011,

5

Second, Duarte contends that the Court has subject matter jurisdiction over her claims. As to her claims of unlawful delays, Duarte argues that exhaustion is not required where a plaintiff challenges "the adequacy of the agency procedure itself." *Id.* at 8 (citing *Barry v. Barchi*, 443 U.S. 55, 63 n.10 (1979)). As to her claim of unpaid benefits, Duarte argues that she received a final decision in 1996 when the Social Security Administration determined that she was eligible for Social Security disability and SSI benefits. *Id.* at 9. She contends her benefits are "vested and matured property rights" and therefore are "not subject to any requirement of exhaustion of administrative remedies." *Id.* at 13.

Duarte further argues that she is entitled to waiver of exhaustion because (1) her claim is collateral to her claim for Social Security benefits and because she is challenging the constitutionality of the administrative process, *id.* at 10–12; (2) she will suffer "irreparable harm" due to her high risk of death if she is required to exhaust her administrative remedies, *id.* at 15–17; and (3) exhaustion is futile, *id.* at 17–19. Duarte further argues that the Court has subject matter jurisdiction pursuant to the mandamus statute, *id.* at 19–20 (citing *Lopez v. Heckler*, 725 F.2d 1489, 1507 (9th Cir. 1984)); pursuant to the APA, *id.* at 20–21; and pursuant to the federal question statute, *id.* at 21–22 (citing 28 U.S.C. § 1331)). Duarte also argues the Commissioner does not have specialized administrative competence and reject the Commissioner's argument that Covid-19 delayed processing of her claim. *Id.* at 22–25.

Lastly, Duarte argues that her claims are not moot because her claims are "capable of repetition yet evading review." *Id.* at 27. She argues the ALJ's decision issued on March 1, 2021 was a "bad faith tactic" intended to moot her claims. *Id.* at 26. She argues that her claims are not moot unless the Commissioner "disavows future unreasonable and unlawful delays" in her case. *Id.* at 28.

With the Court's permission, Duarte filed a separate objection to portions of evidence

---

1033 (C.D. Cal. 2015) (taking judicial notice of information on government agency websites because Rule 201 allows the court to "take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies" (citations and quotation marks omitted)).

6

1   submitted with the Commissioner's motion, largely for lack of personal knowledge by the
2   declarants.  *See* Evidentiary Objection (dkt. 50).

### 3.  The Commissioner's Reply

In his reply, the Commissioner argues again that the Court lacks subject matter jurisdiction over Duarte's complaint and that injunctive relief is not warranted.  *See generally* Reply (dkt. 53).[4] In response to Duarte's evidentiary objections to the declarations filed by the Commissioner, the Commissioner contends the declarants "had sufficient expertise and knowledge to access Social Security records, review and interpret them, and provide information about the status of [Duarte's] claim and appeals."  *Id.* at 3.  The Commissioner also argues the declarations "conform to the requirements of 28 U.S.C. § 1746," and that they were filed to establish the threshold question regarding whether the Court has subject matter jurisdiction over the complaint.  *Id.* at 3–4.

As to the 2015 determination, the Commissioner argues the issue is not "ripe for judicial review" because the Appeals Council has yet to take final action.  *Id.* at 4–5.  As to Duarte's allegations of years of underpayments, the Commissioner argues the issue is not ripe for review because the "ALJ sent Plaintiff's payment issue to the field office for further development."  *Id.* at 7.  The Commissioner also argues that Duarte's 1996 awards were not final decisions and that she would have needed to "timely administratively appeal" to challenge them.  *Id.*  As to the 2000 overpayment determination, the Commissioner argues the records indicate Duarte did not file an appeal and therefore did not exhaust her administrative remedies.  *Id.*  The Commissioner argues the Social Security Act is "the exclusive means of judicial review of claims related disputes" and disputes Duarte's argument that the APA or the federal question statute provide separate bases for subject matter jurisdiction.  *Id.* at 8.  Lastly, the Commissioner repeats his argument that mandamus relief and injunctive relief are not warranted.  *Id.* at 8–9.

---

[4] Because the reply brief does not include page numbers, this order cites the page numbers assigned by the ECF.  The Commissioner is encouraged to include page numbers on any future briefs.

## III. LEGAL STANDARDS

### A. Legal Standard Under 12(b)(1)

A motion to dismiss based on lack of subject matter jurisdiction can be either "facial" or "factual." *See, e.g.*, *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where a defendant brings a facial challenge, that is, a challenge to the court's subject matter jurisdiction based the allegations in the complaint, the court conducts an inquiry that is "analogous to a 12(b)(6) motion." *Roberts v. Corrothers*, 812 F.2d 1173, 1178 (9th Cir. 1987). On the other hand, "[i]f the moving party converts 'the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2013)). The district court may review this evidence without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone*, 373 F.3d at 1039. Where a party brings a factual challenge to subject matter jurisdiction, as the Commissioner does here, the court does not presume that the factual allegations in the complaint are true. *Id.* However, a court may not resolve genuinely disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits. *Id.*

### B. Legal Standard Under 12(b)(6)

A complaint may also be dismissed for failure to start a claim under which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a claimant's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In ruling on a motion to dismiss under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence

of facts that would support a valid theory. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action that will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 557. Rather, the claim must be "'plausible on its face,'" meaning that the claimant must plead sufficient factual allegations to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. ANALYSIS

### A. Exhaustion of Administrative Remedies

Under the Social Security Act, a plaintiff must obtain a "final decision of the Commissioner of Social Security made after a hearing" before seeking judicial review of any agency decision regarding Social Security benefits. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3). "A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction." *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984)). 42 U.S.C. § 405(g) requires a plaintiff to undergo the following steps before seeking judicial review:

> Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the [Commissioner] and (2) the [Commissioner] has made a final decision on the claim. To obtain a hearing, the claimant must (1) present a claim to the [Commissioner] and obtain an initial determination; (2) seek reconsideration; and (3) after reconsideration, request a hearing before an administrative law judge. The decision made following the hearing does not become the final decision of the [Commissioner] until the claimant requests review by the appeals council, and the appeals council either grants or denies review.

*Id.* (internal citations omitted). Contrary to Duarte's arguments, she has not received a final decision until the appeals council has either granted or denied review. *See id.* Here, Duarte fails

to allege exhaustion of her administrative remedies. Duarte alleges that she sought reconsideration of several of the Social Security Administration's determinations but does not allege requests for review by the appeals council, as is required by 42 U.S.C. § 405(g). For the March 1, 2021 ALJ decision, Duarte asserts that she filed a request for review by the appeal council but has yet to receive a decision. Therefore, that claim is not ripe until a final decision is issued by the appeals council.

Accordingly, Duarte has failed to exhaust her administrative remedies before seeking judicial review, as is required by 42 U.S.C. § 405(g). The question, then, is whether the exhaustion requirement has been or should be waived.

Exhaustion may be waived by the Commissioner, *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766–67 (1975)), or by the court, *id.* (citing *Matthews v. Eldridge*, 424 U.S. 319, 330–32 (1976)). The Commissioner has not waived exhaustion, Mot. at 6–10.

"Courts may waive exhaustion because 'cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate.'" *Id.* (quoting *Eldridge*, 424 U.S. at 330). In order to waive exhaustion, the plaintiff must demonstrate the claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal to the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir. 1989) (internal quotations omitted); *Sensory Neurostimulation, Inc. v. Azar*, 977 F.3d 969, 981 (9th Cir 2020). Based on the following, the Court finds that Duarte fails to establish that waiver by the Court is warranted here.

### 1. Collaterality

"A plaintiff's claim is collateral if it is not essentially a claim for benefits." *Johnson*, 2 F.3d at 921 (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1985)). Here, Duarte is challenging delays in her claim for Social Security benefits which stem from the Social Security Administration's determination that she was overpaid benefits. Opp'n at 10. Although Duarte

argues that she "challenges the constitutionality of the administrative process," her allegations demonstrate instead that the core of her complaint is the Commissioner's processing and denial of her own claim for Social Security benefits. *See id.* at 12. For example, the crux of her due process claim is that she has been denied her Social Security benefits, which she contends are a protected property right.

Accordingly, Duarte's claims are "inextricably intertwined with [her] claim[] for benefits" and are therefore not collateral to her claim for benefits. *Kildare*, 325 F.3d at 1083 (finding claims collateral where plaintiffs failed to allege "a specific policy" and made "only allegations of idiosyncratic individual errors"); *cf. Yellen v. Social Sec. Admin.*, 2019 WL 3767459, at *4 (D. Haw. Aug. 9, 2019) (finding plaintiff's claims "challenging a particular SSA regulation" were collateral).

### 2. Irreparability

Duarte "must raise 'at least a colorable claim' that exhaustion will cause [her] irreparable injury." *Johnson v. Shalala*, 2 F.3d 918, 922 (9th Cir. 1993). "A colorable claim of irreparable harm is one that is not 'wholly insubstantial, immaterial, or frivolous.'" *Kildare*, 325 F.3d at 1083 (quoting *Johnson*, 2 F.3d at 922)). Economic hardships may constitute irreparable injury because "[b]ack payments cannot erase the experience of the entire effect of several months without food, shelter or other necessities." *Id.* (finding irreparable harm where appellants alleged "subsistence on General Assistance and food stamps, lack of medical insurance, and homelessness") (internal citations and quotation marks omitted).

Duarte argues that she will suffer irreparable harm because she is unlikely to survive long enough to exhaust her administrative remedies, Opp'n at 15–17, and alleges the repeated delays cause her "severe nausea and dangerously elevated blood pressure," Am. Comp. ¶ 1. The Court finds this is sufficient to establish irreparable harm because back payments cannot restore the impacts on her health. *See Anderson v. Sullivan*, 806 F. Supp. 134, 138 (E.D. Tex. 1992) (finding plaintiff has made a colorable showing of irreparable harm because "the ordeal of having to go through the administrative appeal process may trigger a medical setback"). Furthermore, Duarte adequately alleges economic hardship, including an inability to purchase sufficient food, attend

11

necessary physical therapy sessions, and purchase dentures. *See* Am. Compl. ¶ 1.

### 3. Futility

"Futility is established if exhausting administrative remedies would not serve the policies underlying exhaustion." *Sensory Neurostimulation*, 977 F.3d at 981 (citations omitted). Futility is not established when the "focus is on individual irregularities that allegedly had the effect of denying . . . benefits" to the plaintiff. *Kildare*, 325 F.3d at 1084. Here, Duarte alleges the Commissioner committed errors in her individual application. Such errors are appropriately resolved through administrative review. *See id.* Accordingly, exhausting administrative remedies would serve the purposes underlying. Therefore, Duarte has failed to establish waiver by exhaustion.

Accordingly, the Court DISMISSES Duarte's claim for lack of subject matter jurisdiction.

## B. Claim under FOIA and the Privacy Act

The Commissioner argues that Duarte's FOIA and Privacy Act claims should be dismissed for two reasons: (1) the claims are moot because the Social Security Administration has already provided the requested documents; and (2) Duarte has not exhausted her administrative remedies. Mot. at 1, 12–14. Duarte does not address these claims in her opposition brief. Because exhaustion provides a sufficient basis for dismissal, the Court does not reach the Commissioner's mootness argument.

The Social Security Administration has established an appeals process for denials of FOIA and Privacy Act requests. *See* 20 C.F.R. § 402.200 (appeal process for FOIA requests); 20 C.F.R. § 401.70 (appeal process for Privacy Act requests, allowing an appeal to the Executive Director for the Office of Public Disclosure).

Under FOIA, a plaintiff must exhaust their administrative remedies before seeking judicial review. *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) (citations omitted). The plaintiff must "request specific information in accordance with published administrative procedures and have the request improperly refused before that party can bring a court action under FOIA." *Id.* at 466 (citations omitted). Where a plaintiff has failed to exhaust their administrative remedies, the district court lacks jurisdiction to consider the claim. *Id.*

The Privacy Act is less clear as to whether a plaintiff must exhaust administrative remedies before bringing suit for an agency's failure to provide records upon request. Nevertheless, even "[w]here there is no explicit statutory requirement of exhaustion of administrative remedies, the application of exhaustion rules is a matter committed to the discretion of the district court," and a court may decline jurisdiction or stay a claim for failure to exhaust available administrative remedies if warranted after "balanc[ing] the agency's interest in applying its expertise, correcting its own errors, making a proper record, and maintaining an efficient, independent administrative system, against the interests of private parties in finding adequate redress." *Morrison-Knudsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987).

Here, Duarte has not alleged that she appealed her FOIA and Privacy Act requests in accordance with the published administrative procedures. She asserts in her complaint that she should not be required to do so, Am. Compl. ¶ 156, but has not pursued such an argument in her opposition brief. Moreover, to the extent that requiring administrative exhaustion is discretionary for Privacy Act claims, the circumstances of this case warrant enforcing that requirement. Duarte appears to invoke the Privacy Act as a jurisdictional hook to express her dissatisfaction with the manner in which the Commissioner compiled and produced the administrative record during administrative proceedings. If she wishes to pursue a request for documents under the Privacy Act, she should clearly frame such a request through the administrative channels the Commissioner has provided, including an appeal to the Office of Public Disclosure under 20 C.F.R. § 401.70. Accordingly, the Court DISMISSES Duarte's FOIA and Privacy Act claim for failure to exhaust administrative remedies.

### C. The Administrative Procedures Act and Federal Question Statute

The Commissioner argues that the Court lacks subject matter jurisdiction over Duarte's claims because the APA does not confer subject matter jurisdiction. The Court agrees. The APA alone does not confer an independent grant of subject matter jurisdiction to review decisions by the Social Security Administration. *Califano v. Sanders*, 430 U.S. 99, 107 (1977). The Court also rejects Duarte's claim that the Court can consider her claim under 28 U.S.C. § 1331, the federal question jurisdiction statute. Opp'n at 21. As the Supreme Court has recognized, federal question

13

jurisdiction is precluded by the Social Security Act. *Califano*, 430 U.S. at 109; *see also* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). The Court is not persuaded by Duarte's argument that the outcome differs in a challenge to *inaction* rather than *action* by the Commissioner. *See* Opp'n at 21–22.

Accordingly, the Court DISMISSES Duarte's APA claim for lack of subject matter jurisdiction.

### D. Mandamus Claim

Duarte seeks to compel the Commissioner to "immediately produce the records demanded," adjudicate overpayment claims within 30 days of the date of filing the complaint, and pay unpaid benefits between 2001 and 2016. Am. Compl. ¶ 237. Duarte also states she has "the right to be assisted by a representative." *Id.* ¶ 192. She alternatively seeks to compel tracing of all unpaid benefits and for the Court to retain jurisdiction over the adjudication of the claim of overpayments. *Id.* At the hearing, however, Duarte's attorney clarified that the only mandamus relief she requests is the prompt resolution of her appeal to the Appeals Council.

District courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an "extraordinary remedy," available only if three elements are satisfied: "(1) the plaintiff's claim is clear and certain; (2) the [defendant official's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (quoting *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997)) (alteration in original). "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

The Commissioner argues that there is no longer a clear duty to be performed and Duarte has not exhausted all other avenues of relief. The Court agrees. While the ALJ's long delay

issuing the most recent March 2021 decision raised serious concerns, and Courts might in some limited circumstances have a role in requiring the Commissioner to provide a timely hearing or decision, *see* Opp'n at 8 (citing *Heckler v. Day*, 467 U.S. 104 (1984)),[5] a decision has now been issued. The parties appear to agree that the most recent decision squarely addressed the primary substantive issue that Duarte sought to raise below: whether payment received as a tort judgment rendered Duarte ineligible for Supplemental Security Income benefits. To the extent Duarte is dissatisfied with the ALJ's decision, she has adequate remedies through the Appeals Council before, if necessary, seeking judicial review in accordance with 42 U.S.C. § 405(g). While Duarte's frustration with the circuitous process that the administrative proceedings have taken is understandable, that alone is not grounds for this Court to intervene when those proceedings now appear to be on track. The Social Security Administration is expected, however, to comply with its regulations moving forward, including 20 C.F.R. § 404.1705, which allows the Social Security Administration to refuse to recognize a non-attorney representative *only* if the claimant fails to satisfy the listed requirements.

Accordingly, the Court DISMISSES Duarte's mandamus claim.

### E. Injunctive and Declaratory Relief

The Commissioner argues Duarte has failed to state a claim for injunctive or declaratory relief because she has not alleged a jurisdictional basis for her claims. The Court agrees.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). Furthermore, the "Declaratory Judgment Act does not provide an independent jurisdictional basis for suits" and "only permits the district court to adopt a specific remedy when jurisdiction exists." *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (citing *Skelly Oil Co. v.*

---

[5] The Supreme Court held in *Heckler v. Day* that "it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims," but noted that "nothing in this opinion precludes the proper use of injunctive relief to remedy individual violations of § 405(b)." *Heckler v. Day*, 467 U.S. at 119 & n.33. Another decision Duarte cites for the viability of a mandamus claim in the Social Security context, *Lopez v. Heckler*, 725 F.2d 1489 (9th Cir. 1984), was vacated by the Supreme Court. *See Heckler v. Lopez*, 469 U.S. 1082 (1984).

15

*Phillips Petroleum Co.*, 339 U.S. 667, 671–74 (1950)). As discussed above, the Court lacks subject matter jurisdiction over any substantive claim and therefore lacks subject matter jurisdiction to award injunctive or declaratory relief. Accordingly, the Court DISMISSES Duarte's requests for injunctive and declaratory relief.

## V.   CONCLUSION

For the reasons discussed above, the Commissioner's motion to dismiss is GRANTED. The Court concludes that further leave to amend would be futile at this time. The case is therefore DISMISSED without leave to amend, but without prejudice to any claims that Duarte might properly assert under § 405(g) after the Commissioner reaches a final decision, or under FOIA or the Privacy Act after Duarte has exhausted administrative remedies. Judgment shall be entered in favor of the Commissioner.

**IT IS SO ORDERED.**

Dated: April 16, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge